**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| 8457 AMHERST VALLEY TRUST, a Nevada Trust, | ) ) ) |
| Plaintiffs, | ) Case No.: 2:13-cv-01220-GMN-CWH ) |
| vs. | ) **ORDER** ) |
| WELLS FARGO BANK, N.A., a National Association; NATIONAL DEFAULT SERVICING CORPORATION, a foreign corporation; BERT BITANGA, individually, DOES 1 through X; and ROE CORPORATIONS I through X inclusive, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Pending before the Court is the Emergency Motion for a Temporary Restraining Order (ECF No. 6) filed by Plaintiff 8457 Amherst Valley Trust ("Plaintiff").

**I.   BACKGROUND**

Plaintiff alleges that it is a revocable trust organized under the laws of the State of Nevada. (Compl. ¶ 2, ECF No. 1-2.) Plaintiff further alleges that it "acquired the Property [located at 8457 Amherst Valley Street, Las Vegas, Nevada 89123] on or about July 10, 2012, by successfully bidding on the Property at a publicly held foreclosure action in accordance with NRS 116.3116, *et seq*." (Compl. ¶ 4.)

Thereafter, on July 1, 2013, Plaintiff filed an action in state court alleging two causes of action: (1) "Declaratory Relief/Quiet Title Pursuant to NRS 30.010 and 116.3116, et seq. against Defendants Wells Fargo Bank and Bert Bitanga" and (2) "Preliminary and Permanent Injunction against Defendants National Default Servicing Corporation and Wells Fargo Bank." (Compl. 4:2-3, 4:26-27, ECF No. 1-2.)

Plaintiff also filed an "Ex Parte Application for Temporary Restraining Order on Order Shortening Time" in state court (ECF No. 1-3), but superseded that motion with the instant Emergency Motion for a Temporary Restraining Order (ECF No. 6).

In its motion, Plaintiff requests an injunction prohibiting Defendants from foreclosing on the property and from "interfering with the Plaintiff's enjoyment of the Property until the Court can properly determine title rights to the Property." (Em. Mot. for TRO, 22:1-5, ECF No. 6.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l. Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

## III. DISCUSSION

Here, the Court finds that Plaintiff has failed to carry its burden of establishing any likelihood of success on the merits.

Plaintiff argues that it can succeed in its claim for quiet title apparently based on an argument that it is now the rightful owner of the property as a result of the Trustee's Deed Upon Sale (Ex. 1 to Em. Mot. for TRO, ECF No. 6-1) recorded on July 13, 2012.  In the motion, and citing to this Trustee's Deed Upon Sale, Plaintiff argues that it "purchased the property commonly known as 8457 Amherst Valley Street, Las Vegas, Nevada 89123 . . . at a foreclosure sale pursuant to NRS 116.3116, *et seq.*" (Em. Mot. for TRO, 6:3-6, ECF No. 6.)

However, the Trustee's Deed Upon Sale does not describe such a purchase, and instead describes the relationship of ATC Assessment Collection Group, LLC, as trustee and agent for Hidden Crest/Parkhurst Community Association, and the conveyance of "that portion of its right, title and interest secured by the non-priority portion of its lien under NRS 116.3116 in and to [the property commonly known as 8457 Amherst Valley Street, Las Vegas, NV, 89123]." (Ex. 1 to Em. Mot. for TRO, ECF No. 6-1.)

Furthermore, the Court finds no legal basis in Plaintiff's pleading, briefing on the motion, exhibits, or in case law, to support Plaintiff's argument that it is entitled to a

declaration from this Court quieting title in its name.  Plaintiff's arguments and citations to statutes and case law addressing prioritization of liens and recent Nevada legislation relating to section 116.31162 of Nevada Revised Statutes are unavailing and do not support its requested relief, particularly where the language of the Trustee's Deed Upon Sale (Ex. 1 to Em. Mot. for TRO, ECF No. 6-1) itself describes a wholly distinct type of property transfer from one that would give Plaintiff legal title to the property, free and clear of all encumbrances.

Accordingly, because the Court finds that Plaintiff has not met its burden to show a likelihood of success on the merits or even serious questions going to the merits, the motion must be denied, and the Court need not address the remaining factors.

## IV.　CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 6) is **DENIED**.

**DATED** this 12th day of July, 2013.

_____
Gloria M. Navarro
United States District Judge